NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 21 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GB CAPITAL HOLDINGS, LLC, a
California Limited Liability Company,

Plaintiff-Appellee,

v.

JEFFREY GLENN HESTON,

Claimant-Appellant,

and

S/V GLORI B, a 1977 Sailing Vessel of
Approximately 27-Feet in Length, U.S.C.G.
Official No. 598405 and All of Her Engines,
Tackle Accessories, Equipment, Furnishings
and Appurtenances, in rem,

Defendant-Appellant.

No. 19-55104

D.C. No. 3:18-cv-00312-WQH-AGS

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted April 7, 2020[**]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Before:     TASHIMA, BYBEE, and WATFORD, Circuit Judges.

Jeffrey Glenn Heston appeals pro se from the district court's January 22, 2019 order granting plaintiff GB Capital Holdings, LLC's ("GB Capital") motion for an order of sale of the sailing vessel Glori B in GB Capital's admiralty action *in rem*. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's conclusions of law and for clear error the district court's findings of fact. *Crowley Marine Servs. v. Maritrans, Inc.*, 530 F.3d 1169, 1173 (9th Cir. 2008). We review de novo the district court's interpretation of the Supplemental Admiralty and Maritime Claims Rules. *United States v. $11,500.00 in U.S. Currency*, 710 F.3d 1006, 1010 (9th Cir. 2013). We affirm.

The district court did not err by granting GB Capital's motion for an order of sale because it properly concluded that GB Capital had met the requirements of Supplemental Rule E(9)(a) and its factual findings were not clearly erroneous. *See* Fed. R. Civ. P. Supp. R. E(9)(a)(i)(A)-(C) (the court may order all or part of the property sold if the property is liable to deterioration by being detained in custody pending the action, the expense of keeping the property is excessive or disproportionate, or there is unreasonable delay in securing release of the property).

We reject as meritless Heston's contentions regarding the district court's alleged lack of subject matter jurisdiction.

19-55104

Heston's motion for judicial notice (Docket Entry No. 22) is denied.

GB Capital's request for sanctions, set forth in the answering brief, is denied.

**AFFIRMED.**